## McGill et al. *v.* Pressley.

PRINCIPAL AND AGENT.—*Real Estate Broker.—Employment of, by One of* *Several Owners.—*Where the separate owners of distinct parts of an entire tract of real estate jointly employ a broker to sell the whole tract, an action may be maintained by such broker against all jointly, on such contract ; but if, upon the trial, such joint contract be not proved, the suit may fail upon the general issue.

SAME.—*Defence.—*In such case, under the general issue, any one of the joint defendants may avail himself of the defence that he is the owner, in his own right, of a certain portion of the property sold, and has no interest in the other portion, that he had not employed such broker, and that the latter had not sold such portion.

SAME.*--Harmless Error.—Pleading.—*If such defence be pleaded in a special paragraph of answer, it is a harmless error to sustain a demurrer thereto, if the general denial be pleaded

SAME.—*Instructions to Jury.—Ratification.—*See the instructions copied into the opinion at length.

From the Marion Superior Court.

*J. S. Harvey,* for appellants.

PERKINS, J.—Suit by John T. Pressley against Robert McGill, Andrew McGill, Rebecca McGill, Peter J. Sullivan, Margaret McGill Sullivan, Azel Waldo and Jane McGill Waldo, to recover compensation for services rendered.

The complaint was in four paragraphs:

The first was upon a *quantum meruit.*

The second was to recover the sum of one thousand dollars, as the agreed compensation for selling specified property at and for the price and sum of seventy-five thousand dollars.

The third was for a reasonable commission, as a real estate broker, for effecting the sale of certain real estate.

The fourth was upon a contract to pay the plaintiff one thousand dollars for the sale of certain specified property, or proportionally for the sale of a part thereof.

The defendants all answered in general denial.

Jane McGill Waldo answered severally, that there was

a misjoinder of parties, in this, that she was the owner in her own right of a certain portion of the property sold, and had no interest in the other portion.

This paragraph was sworn to.

She answered in a third paragraph, that she owned a portion of the property sold in her own right, and that she sold the same herself.

The above defences, so far as they existed, were available under the general denial.

The defendants Robert, Andrew and Rebecca McGill answered severally, as Jane McGill Waldo answered.

The defendant Azel Waldo answered in a second paragraph, by way of disclaimer.

A suggestion of "not found" was made as to the Sullivans.

Azel Waldo went out of the case.

Demurrers were sustained to the second and third paragraphs of the answers of Robert McGill, Andrew McGill, Rebecca McGill, and Jane McGill Waldo, and exceptions were duly entered.

Trial by jury, verdict for the plaintiff for one thousand dollars, and answers to interrogatories propounded by the defendant.

Jane McGill Waldo moved for judgment in her favor on the interrogatories, notwithstanding the general verdict; which motion was overruled, and exception entered.

Motion by the appellants for a new trial, assigning for causes :

1.   Excessive damages ;

2.   Verdict not sustained by evidence ;

3.   Verdict contrary to law ;

4.   Error of law in giving certain instructions ;

5.   Answers to interrogatories not supported by evidence, etc.

The motion was overruled, and exception entered.

The assignment of errors in general term was as follows, in substance :

1.  Sustaining the demurrers to the paragraphs of answers ;

2.  Giving certain instructions to the jury ;

3.  Overruling the motion of Jane McGill Waldo for judgment upon the answers to interrogatories ;

4.  Overruling the motion for a new trial.

It is assigned for error in this court that the superior court in general term erred in affirming the judgment of that court at special term.

It is claimed by counsel, that, because the defendants below owned severally different parts of the aggregate property sold, an action will not lie jointly against those owners for services in selling the property.   But it seems to us that, if the separate owners of parts of an entire piece of real estate jointly employ a broker to sell the entire tract, an action may be maintained against them jointly on such contract.   If, upon the trial, such joint contract should not be proved, the suit might fail upon the general issue.   There was no error, therefore, injurious to the defendants, in sustaining the demurrers to the paragraphs of answers.   The leading fact to be observed here is, that the jury found a joint verdict against the defendants, showing that they found a joint employment of the appellee.

The instructions given to the jury by the court, on the trial of the cause, were the following :

" The claim of the plaintiff is,

" 1.   On special contract of defendants to pay $1,000 commissions ;

" 2.   For reasonable compensation, which is averred to be $1,000.

" It is claimed by plaintiff that Waldo was the authorized agent of the other defendants to effect a sale, and that he should have a compensation of $1,000 if he succeeded

in selling the block, less the 2 lots occupied by the rail-road, at the rate of $75,000 for the whole block.

" 1st. Did Waldo employ plaintiff to sell the property of defendants and promise him $1,000 if he should effect a sale, or employ him without agreeing on the compensa-tion? If he did neither, the question of his agency need not be considered.

" 2d. Was Waldo the agent of the other defendants for that purpose? Agency may be created by the appoint-ment of a party to do a particular act, before the perform-ance of the act; or, if one assumes to act as agent of an-other, without authority, but after the act, and with knowledge that he has so acted in the assumed character of agent, the party for whom he has so assumed to act ac-cepts the benefit of his act, that is a ratification of what he did without previous authority, and makes the princi-pal liable to the obligations he has assumed in such busi-ness, to the same extent as if he had been appointed such agent before transacting the business.

" 3d. If Waldo was not agent of all the other defend-ants, you cannot find a joint verdict against all of them, on the ground that he contracted with plaintiff to effect the sale of the real estate. If he was the agent of none of them, you cannot find against either of them on the ground of such agency and the employment of plaintiff, as such, by him; but if Waldo was the agent of either, within the rules I have stated, and he employed plaintiff as agent of such defendant to make the sale, and plaintiff did make it, then the defendants for whom he was such agent are liable, in the proportion the value of these should hold to the whole value of the property sold to Kingan and Streight.

" 4th. If Waldo was not the agent of the defendants, the next question for your consideration will be as to the lia-bility of any or all of the defendants, independent of the question of such agency.

" 5th.  Did either of the defendants solicit plaintiff to use his efforts to effect the sale, and promise to pay him liberally for his services?  If he did, he is liable to plaintiff for the fair value of the services rendered, to the extent of the interest of such defendant in the property sold.

" 6th.  If there was no express promise to pay plaintiff for services, yet if the defendants knew that he was conducting negotiations with Streight and Kingan with the expectation of being paid for his services, and they reaped benefit from his services in such negotiations, the plaintiff is entitled to recover of such defendants the fair value of his services separately to such of the defendants; but if any of the defendants were ignorant of the fact that plaintiff was engaged in said negotiations in the character of agent for them, but acted under the belief that the propositions of Kingan and Streight were submitted directly to Waldo, or some of the others, and they accepted such propositions under that belief or understanding, then such defendants are not liable to the plaintiff.

" 7th.  The jury may find against all or a part of defendants according as they find the facts, and, if a joint verdict is not found, the jury have a right to find separately against such of the defendants as they find liable, to the value of plaintiff's services to each of such defendants separately, and to find in favor of such defendants as they may deem not liable under the rules of law as above given.

" 8th.  If you find that Waldo represented himself as agent of the other defendants, and, as such agent, engaged plaintiff to negotiate the sale to Kingan and Streight, and agreed that he should be paid $1,000 if he succeeded, and the property was sold through the efforts of plaintiff, Waldo is liable for the whole sum, if, in fact, he had not been authorized to so act for the other defendants, and they did not, with a knowledge that he had acted as their agent, subsequently ratify his acts.

" 9th.    To justify a verdict for the plaintiff, there must be a preponderance of evidence in his favor. It is not enough that the evidence in support of his complaint is as strong as that against it; therefore, if you find that evidence evenly balanced, you should find for the defendants, or for such defendants as have produced evidence sufficient to counterbalance that of the plaintiff; and, if the evidence preponderates in favor of any of the defendants, you, of course, should find in favor of such defendant or defendants."

The second, third, fourth, fifth, sixth, seventh and eighth instructions were excepted to.

We discover no error in any one of them, considered in connection with the verdict in the case, of which the appellants can complain.

We cannot say that the court erred in overruling the motion for a new trial.

The evidence tended to support the verdict.

The judgment is affirmed, with costs.